L'TANYA SILAS,

        Plaintiff,

                                    Case No. 26-cv-0500-bhl

    v.

TOUCHPOINT SUPPORT SERVICES LLC,

        Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

---

On March 27, 2026, Plaintiff L'Tanya Silas, proceeding without an attorney, filed this lawsuit against Defendant Touchpoint Support Services LLC (Touchpoint), alleging that Touchpoint wrongfully terminated her employment in relation to a Family and Medical Leave Act (FMLA) request that she asserts she never made. (ECF No. 1.) Silas has also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Silas's IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Silas's IFP application includes information about her finances and is signed under penalty of perjury. (ECF No. 2 at 4.) Silas represents that she is employed, unmarried, and has no dependents. (*Id*. at 1.) Her monthly income is $2,312.00. (*Id.* at 2.) Her monthly expenses include $730.00 in rent, $600.00 for her car payment, $925.00 in other household expenses, and $50.00 for gas. (*Id.* at 2.) She owns a 2021 Toyota Rav 4 worth approximately $20,000. (*Id.* at 3.) She has $500.00 in her checking account, and no other property of value. (*Id.* at 3–4.)

On these facts, the Court will deny Silas's IFP motion because she is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980), the Court's authority

to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Based on Silas's representations, it appears that she has the financial resources to facilitate payment of the filing fee. The Court will give Silas **sixty (60) days** from the date of this Order to pay the filing fee. If she does not pay, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

The Court also notes that Silas has filed two lawsuits, and one may be barred by the doctrine of claim splitting. Although Silas's allegations are not entirely clear, it appears that this lawsuit is based on Touchpoint's alleged interference with her accommodations and FMLA leave, and wrongful termination of her employment in relation to her "FMLA papers[.]" (ECF No. 1 at 2–4.) She attaches a screenshot of an Equal Employment Opportunity Commission (EEOC) right to sue letter. (ECF No. 1-1.) Silas's other lawsuit, which she also filed on March 27, 2026, *Silas v. Touchpoint Support Services LLC*, Case No. 26-cv-0501-BHL (E.D. Wis. Mar. 27, 2026), (ECF Nos. 1 & 1-1), asserts claims against the same former employer. Her other complaint describes a dispute over her position at work, accommodations related to an unspecified medical condition, and unrequested FMLA leave. She also includes the same screenshot of an EEOC right to sue letter.

From Silas's two complaints and her citation of the same right to sue letter, it appears her claims arise from the same course of conduct. If that is the case, the claims must be brought together, in a single lawsuit, or they may be barred by the doctrine of claim splitting. Claim splitting is a part of the law of res judicata. *Rexing Quality Eggs v. Rembrandt Enterprises, Inc.*, 953 F.3d 998, 1002 (7th Cir. 2020). Claim splitting blocks a second lawsuit without a final judgment on the merits in the first if there is identity of parties in both suits and an identity in the causes of action. *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021) (citing *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015); *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Claims have identity in the causes of action "if the 'claims arise out of the same set of operative facts or the same transaction.'" *Id.* (citing *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)). Silas should consider if that is the case here and if she must amend her allegations. In addition, to assert her claims, Silas must include enough detail to

provide notice to Touchpoint of what she alleges it and its employees did.  A complaint should read like a narrative being told to someone who does not know what happened.  It should specify when and where the relevant events occurred and explain what happened.  It does not need to include citations to cases.  It must be complete on its own and will not be read together with other documents filed in other cases.

Accordingly,

**IT IS HEREBY ORDERED** that Silas's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**.  Silas has until **June 9, 2026** to pay the filing fee; otherwise, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on April 10, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge